UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DARYL L. BULLOCK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-0985 (ABJ) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Daryl L. Bullock ("Bullock") brings this action against defendants Washington Metropolitan Area Transit Authority ("WMATA") and WMATA police officer M. E. McKinney ("Officer McKinney"), arising from an alleged physical altercation between Bullock and McKinney. In the complaint, Bullock asserts claims of false arrest and negligent training and supervision against WMATA, Compl. [Dkt. # 1] ¶¶ 31–33, 38–40, and of false arrest and use of excessive force against Officer McKinney, *id.* ¶¶ 31–37. The false arrest and use of excessive force claims are asserted under 42 U.S.C. § 1983 ("Section 1983"). *Id.*

Officer McKinney filed a motion to dismiss the claims against him for lack of personal jurisdiction and improper venue. Def. M. E. McKinney's Mot. to Dismiss ("McKinney's Mot.") [Dkt. # 8]. WMATA filed a separate motion to dismiss the claims against it, asserting sovereign immunity and failure to state a claim upon which relief can be granted. Def. WMATA's Mot. to Dismiss ("WMATA's Mot.") [Dkt. # 9]. Plaintiff filed an opposition to McKinney's motion, Pl.'s Opp. to Def. McKinney's Mot. ("Pl.'s Opp.") [Dkt. # 13], but not to WMATA's motion. Instead, Bullock has filed a motion for leave to file an amended complaint, which abandons all

claims against WMATA and asserts one new claim against Officer McKinney. Pl.'s Mot. for Leave to File Am. Coml. ("Mot. for Leave") [Dkt. # 12]

Because the Court finds that the District of Columbia is an improper venue for the claims in the proposed amended complaint, but that the District of Maryland is an appropriate venue, the Court will grant plaintiff's motion for leave to file an amended complaint, deny WMATA's motion to dismiss as conceded and therefore moot, deny McKinney's motion to dismiss as moot, and transfer the case to the United States District Court for the District of Maryland.

## BACKGROUND

The following facts are alleged in both the original complaint and proposed amended complaint, except where noted.

In the late afternoon of June 16, 2010, Bullock – a citizen and resident of the District of Columbia, Compl. ¶ 3; Proposed Am. Compl. [Dkt. # 12-1] ¶ 3 – stopped at Chuck's Liquor Store in Maryland after exiting the Metro. Compl. ¶¶ 6–7; Proposed Am. Compl. ¶¶ 6–7. He cashed his payroll check at the liquor store, and allegedly purchased a non-alcoholic Red Bull energy drink and a bag of peanuts. Compl. ¶ 8; Proposed Am. Compl. ¶ 8. When Bullock exited the store, he engaged in conversation with some acquaintances, one of whom asked Bullock to purchase a Red Bull for him. Compl. ¶ 9; Proposed Am. Compl. ¶ 9. Bullock agreed and then the two men drank their Red Bulls together as they talked in front of the liquor store. Compl. ¶¶ 9–10; Proposed Am. Compl. ¶¶ 9–10.

The complaints allege that immediately after the men threw their empty cans into a nearby trash can, two casually-dressed, unidentified men "aggressively approached." Compl. ¶ 11; Proposed Am. Compl. ¶ 11. One of these individuals was later identified as Officer McKinney, who is employed by WMATA as a police officer. Compl. ¶¶ 5, 11; Proposed Am.

Compl. ¶ 4.  Bullock believed that the two planned to rob him, so he began to walk away. Compl. ¶ 13; Proposed Am. Compl. ¶ 13.  The complaints allege that at that point, Officer McKinney grabbed Bullock, threw him against a glass window, grabbed his throat, and forcibly threw him to the ground.  Compl. ¶ 14; Proposed Am. Compl. ¶ 14.  According to the complaints, Officer McKinney proceeded to violently beat Bullock.  Compl. ¶ 14; Proposed Am. Compl. ¶ 14.  At some point, Officer McKinney allegedly handcuffed Bullock.  Compl. ¶ 18; Proposed Am. Compl. ¶ 17.  The proposed amended complaint adds that Bullock lost consciousness. Proposed Am. Compl. ¶ 18.

Eventually, an ambulance took Bullock, still handcuffed, to Prince George's County Hospital in Maryland.  Compl. ¶¶ 17–18; Proposed Am. Compl. ¶ 18.  Bullock remained in the hospital for the next three days, from June 16 to 19, 2012.  Compl. ¶ 24; Proposed Am. Compl. ¶ 24.  Bullock allegedly remained handcuffed during his first two days in the hospital, and police officers – including Officer McKinney – remained present in or near his hospital room, causing him to fear for his safety and wellbeing.  Compl. ¶¶ 24–25; Proposed Am. Compl. ¶¶ 24–25.

According to the complaints, sometime after the altercation, Officer McKinney charged Bullock with "resisting arrest and illegally consuming an alcoholic beverage on public property." Compl. ¶ 21; Proposed Am. Compl. ¶ 21.  On or about June 18, 2012, Officer McKinney prepared a probable cause statement for a WMATA police commissioner.  Compl. ¶ 22; Proposed Am. Compl. ¶ 22.  The complaints allege that in this statement, Officer McKinney falsified his reasons for detaining Bullock, and that the charges against Bullock were based on the allegedly false statement.  Compl. ¶¶ 22–23; Proposed Am. Compl. ¶¶ 22–23.  All charges

against Bullock were dismissed at his initial court hearing. Compl. ¶ 26; Proposed Am. Compl. ¶ 26.

Bullock alleges that these events caused him to experience "tramatic [sic] brain injury, substantial memory loss, epileptic seizures, very bad headaches, and significant embarrassment and humiliation." Compl. ¶ 27; Proposed Am. Compl. ¶ 27. The proposed amended complaint adds that some of these injuries persist. Proposed Am. Compl. ¶ 27.

Bullock filed the original complaint in this action on June 18, 2012. The complaint alleges that WMATA and Officer McKinney violated Section 1983 by falsely arresting him (Count I), that Officer McKinney violated Section 1983 by using excessive force against him (Count II), and that WMATA negligently trained and supervised Officer McKinney (Count III). Compl. ¶¶ 31–40. McKinney filed a motion to dismiss the claims against him on September 28, 2012, which Bullock opposed on October 22, 2012. WMATA filed a motion to dismiss the claims against it on October 1, 2012. Bullock has not opposed that motion.

Bullock has now filed a motion for leave to file an amended complaint. The proposed amended complaint abandons all claims against WMATA. *See* Mot. for Leave at 1–2 ("Plaintiff has determined to dismiss WMATA as a party Defendant in the immediate case for reasons stated in Defendant's motion to dismiss WMATA.").[1] It asserts diversity of citizenship as a basis for jurisdiction. Proposed Am. Compl. ¶ 1. And it alleges that Officer McKinney violated Section 1983 by falsely arresting Bullock (Count I), using excessive force against him (Count II), and maliciously prosecuting him (Count III). *Id.* ¶¶ 31–40.

---

1   Because the Court will grant plaintiff's motion for leave to amend, and Bullock has voluntarily dismissed all claims against WMATA from the proposed amended complaint, the Court will deny WMATA's motion to dismiss as conceded and therefore moot. *See Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 30 (D.D.C. 2007) (explaining that a plaintiff may successfully abandon specific claims by filing a motion to amend).

## STANDARD OF REVIEW

### I. Improper Venue

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008), quoting *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002) (internal quotation marks omitted).  The court may consider material outside of the pleadings.  *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).  "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper."  *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003), citing 5A Fed. Prac. & Proc. Civ. 2d § 1352.  Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law.  *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

### II. Leave to Amend Complaint

When a party seeks to amend its pleading after a responsive pleading has been served, the Court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); see *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint.  *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court may deny leave to amend based on futility "if the proposed claim would not survive a motion to dismiss." *Rumber v. District of*

*Columbia*, 598 F. Supp. 2d 97, 102 (D.D.C. 2009), citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

## ANALYSIS

**I.      Officer McKinney's Motion to Dismiss**

The parties agree that venue in this case is governed by 28 U.S.C. § 1391(b). "Except as otherwise provided by law . . . [section 1391(b)] shall govern the venue of all civil actions brought in district courts of the United States . . . ." 28 U.S.C. § 1391(a); *see also Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 462 (3d Cir. 1996) (citation omitted) ("[Since] Section 1983 contains no special venue provision[,] . . . the general venue provisions of 28 U.S.C. § 1391 apply.").

Although section 1391(b) provides three bases for establishing venue, Bullock only argues that venue is proper under subsection (b)(2). *See* Pl.'s Opp. at 7–8. That subsection states, "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2). "With regard to [section 1391(b)(2)], the district in which the plaintiff brings suit need not be 'the district where the *most substantial* portion of the relevant events occurred,' but the plaintiff must 'show that a substantial *part* of the events or omissions giving rise to the claim occurred in that district.'" *Murdoch v. Rosenberg & Assocs., LLC*, 875 F. Supp. 2d 6, 10 (D.D.C. 2012) (internal quotation marks omitted), quoting *Modaressi v. Vedadi,* 441 F. Supp. 2d 51, 57 (D.D.C. 2006).

"To determine where a claim arose, a court should engage in a 'common sense appraisal' of 'events having operating significance in the case.'" *Mundy v. Weinberger*, 554 F. Supp. 811, 818 (D.D.C. 1982), quoting *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978). "Thus,

venue is proper if the 'activities that transpired in the forum district were not insubstantial in relation to the totality of the events . . . .'" *Gonzalez v. Holder*, 763 F. Supp. 2d 145, 153 (D.D.C. 2011), quoting *Lamont*, 590 F.2d at 1134 n.62.  Such activities, however, must be the ones out of which the plaintiff's claims arise; they cannot be tangential, such as the "general business connections" the defendant may have in the judicial district.  *See Murdoch* 875 F. Supp. 2d at 10.

In this case, the District of Columbia is not a proper venue because Bullock fails to demonstrate that any of the events giving rise to his claims took place in the District of Columbia.  Bullock admits that the alleged assault occurred in Maryland, but he argues that venue is nevertheless appropriate under subsection (b)(2) because:  (1) "the harm occurred to Plaintiff in the District of Columbia"; (2) "the underlying evidence and records, we think, are believed to be in the District of Columbia"; (3) Officer McKinney performed some police work in the District of Columbia; and (4) inconvenience to the parties does not justify the Court's "non-exercise of jurisdiction." Pl.'s Opp. at 8.   These assertions are unavailing.

Bullock does not explain what, if any, harm he suffered in the District of Columbia, and there is no indication that any of his injuries occurred here.  The alleged assault took place in Maryland, Pl.'s Opp. at 8; *see* Compl. ¶¶ 7–14, and Bullock was hospitalized in Maryland, Compl. ¶ 17. The impact of the alleged attack – the brain injury, memory loss, epileptic seizures, headaches, embarrassment and humiliation, *id.* ¶ 27 – occurred as an immediate result of the alleged assault, in Maryland.  Even if the effects of Bullock's injuries have continued since he left the hospital, any pain or suffering experienced at times when he enters the district are not a substantial part of the events that give rise to the claims in his complaint.

Similarly, the "underlying evidence and records" and Officer McKinney's police work in the District of Columbia do not establish venue in this Court. Bullock argues that the underlying evidence includes WMATA's policies and procedures, Officer McKinney's training history, the level of supervised directives he received, and his history of disciplinary action. Pl.'s Opp. at 7. However, "[d]efendants' general business connections to the District of Columbia do not suffice to show that this district is where a substantial part of the events or omissions giving rise to the claim occurred." *Murdoch*, 875 F. Supp. 2d at 10.[2] Here, Officer McKinney's ties to the District of Columbia through his employment records and unrelated police work do not constitute "a substantial part" of the alleged assault that gives rise to Bullock's claims.

Finally, Bullock correctly notes that inconvenience does not justify the "non-exercise of jurisdiction," but he fails to recognize that venue is a consideration separate from jurisdiction but also necessary. *See Joyner v. Reno*, 466 F. Supp. 2d 31, 42 n.10 (D.D.C. 2006) ("'[A] transfer under § 1406(a) is not based on the inconvenience of the transferor forum but on the impropriety of that forum.'"), quoting *Manley v. Engram*, 755 F.2d 1463, 1476 (11th Cir. 1985).

Under subsection (b)(2), Bullock has not met his burden of alleging that "a substantial part of the events or omissions giving rise to the claim" took place in the District of Columbia. The District of Columbia is thus not a proper venue for Bullock's action under section 1391(b), so the Court need not determine whether it has personal jurisdiction.

---

2   While these connections to the District of Columbia may be relevant to the issue of personal jurisdiction, they are inapplicable to the question of venue. "Analysis of the relevant facts under § 1391(b)(2) conforms to the general rule that 'questions of personal jurisdiction and venue are distinct.'" *Murdoch*, 875 F. Supp. 2d at 10, quoting *Day v. Cornèr Bank (Overseas) Ltd.*, 789 F. Supp. 2d 150, 160 (D.D.C. 2011).

## II. Court's Discretion to Transfer the Case

When a plaintiff files an action in an improper venue, 28 U.S.C. § 1406(a) directs courts to dismiss the case or, alternatively, transfer it to a proper venue if transfer would "be in the interest of justice." "Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." *Ellis-Smith v. Sec'y of the Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011), citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). Transfer based on improper venue is preferred over dismissal because "procedural obstacles 'impede an expeditious and orderly adjudication . . . on the merits.'" *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C. Cir. 1983), quoting *Goldlawr*, 369 U.S. at 466–67. "Refusal to transfer spells the end to the action, while transfer would not prejudice the defendants' position on the merits." *Sinclair*, 711 F.2d at 293.

Here, the interest of justice requires the Court to transfer this case to the District of Maryland. Maryland is an appropriate venue for this action under 28 U.S.C. § 1391(b)(2) because all of the events giving rise to Bullock's claims occurred there. It is also a proper venue under section 1391(b)(1), which provides that if all defendants reside in the same state, venue is appropriate in "a judicial district in which any defendant resides," because Officer McKinney, the only defendant remaining in this case, resides in Maryland. *See* Def. McKinney's Mem. in Support of Mot. to Dismiss [Dkt. # 7] at 1–2; Mot. for Leave at 2.

## III. Motion for Leave to File Amended Complaint

The proposed amended complaint in this action adds some limited new factual allegations, but the core allegations about where the events that give rise to Bullock's claims occurred are the same as in the original complaint – Bullock was attacked and hospitalized in

Maryland.  *See* Proposed Am. Compl. ¶¶ 6–18.  The claims in the proposed amended complaint arise entirely from those two events.  Accordingly, the Court will grant Bullock's motion for leave to amend, but since the deficiency in venue is not cured by the amendment, the Court will still exercise its discretion to transfer the entire action to the District of Maryland.

## CONCLUSION

For the reasons stated above, the Court will grant Bullock's motion to file an amended complaint, deny WMATA's motion to dismiss as conceded and therefore moot, deny McKinney's motion to dismiss as moot, and transfer this action to the United States District Court for the District of Maryland.

A separate order will issue.

/s/ Amy B Jackson
AMY BERMAN JACKSON
United States District Judge

DATE:  May 6, 2013